```
                   UNITED STATES DISTRICT COURT
                            FOR THE
                      DISTRICT OF VERMONT


Dean Michael Gero,                :
      Plaintiff,                  :
                                  :
      v.                          :     File No. 1:07-CV-103
                                  :
Robert Hofmann, Kevin             :
Ashburn, Katherine Hayes,         :
Vermont Department of             :
Corrections, State of             :
Vermont, St. Johnsbury            :
Correctional Facility,            :
Phoenix House of New              :
England, Middle House             :
Program, Richard F.               :
Ammons, Jr., United States        :
Department of Education,          :
Unknown Federal or State          :
Departments, James                :
Douglas, Vermont                  :
Department of Education,          :
      Defendants.                 :
```

OPINION AND ORDER
(Papers 1 and 3)

Plaintiff Dean Gero, proceeding *pro se*, seeks to file a complaint claiming that he has been discriminated against based upon a disability. Specifically, Gero alleges that he has been denied access to various rehabilitative programs due to his reliance on narcotics for pain management and his full disability. Currently pending before the Court is Gero's request for leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. Gero has also submitted an affidavit that makes the showing required under § 1915(a). Accordingly, his

request to proceed *in forma pauperis* is GRANTED.  28 U.S.C. § 1915(a).

When a court grants an application to proceed *in forma pauperis*, 28 U.S.C. § 1915 mandates that the court conduct an initial screening to ensure that the complaint has a legal basis.  <u>See</u> 28 U.S.C. §§ 1915(e)(2), 1915A(a).  A court must dismiss the complaint *sua sponte* prior to ordering the issuance and service of process if it determines that the allegations of poverty are untrue, or that the complaint is (1) frivolous or malicious, (2) fails to state a claim on which relief may be granted, or (3) seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2).  An action is "frivolous" when either: "the 'factual contentions are clearly baseless,' such as when allegations are the product of delusion or fantasy;" or "the claim is 'based on an indisputably meritless legal theory.'" <u>Nance v. Kelly</u>, 912 F.2d 605, 606 (2d Cir. 1990) (quoting <u>Neitzke v. Williams</u>, 490 U.S. 319, 327 (1989)).

Here, Gero claims that he is fully disabled as determined by the Social Security Administration.  He also states that he has been prescribed a narcotic for pain management.  On December 11, 2006, Gero appeared before Judge Hayes of the Vermont District Court in a proceeding regarding his violation of parole.  Judge Hayes allegedly issued an order for Gero to

participate in a substance abuse program.  Gero was subsequently informed, however, that inmates released for this program are not eligible if they are taking prescribed narcotics.

On January 8, 2007, Gero was sentenced by Judge Hayes "to continue probation after serving the 120 days.  On the modified probation order condition #41 'You must participate in "RISE" and complete to the satisfaction of your PO.'" (Paper 1-2 at 6).  Gero appears to allege that he was denied access to the RISE program, again because of his prescribed narcotics.  Gero further alleges that he has been denied access to the "Middle House Program" because of his antisocial characteristics, and that the Department of Corrections will not allow him to participate in the St. Johnsbury work camp because of his total disability.

Gero's final allegation is that Judge Hayes, in her most recent order, has required that prior to the next hearing, documentation be presented to the court with respect to the nature of Gero's prescription medication, and that a reason be offered why "a non-narcotic pain medication, consistent with the 'RISE' requirement cannot be prescribed based on defendants' medical needs."  With respect to these facts, Gero alleges that releasing his medical records to the state court violates his rights under the federal Health Insurance

3

Portability and Accountability Act of 1996 ("HIPAA"). He also claims that here participation "with everybody else who [is] discriminating against me based on my disability." Id. at 8.

Gero has named a wide range of defendants, including the Governor of Vermont, the United States Department of Education, and his former attorney. His complaint, however, focuses on eligibility for rehabilitative programs administered by the Vermont Department of Corrections and others. For purposes of moving this case forward and clarifying Gero's claims, the Court will not order the U.S. Marshals Service to serve all defendants at this time. Instead, the Court orders that only the Vermont Department of Corrections and its Commissioner, Robert Hofmann, be served with a summons and a copy of the complaint. If, at a future date, it appears that other parties need to be included, the Court will order service upon those parties. The Court may also determine, either *sua sponte* or in response to a motion, that the remaining defendants should be dismissed.

In addition to Gero's motion to proceed *in forma pauperis*, he has moved the Court for an emergency stay of his state court criminal proceeding. It is well established, however, that principles of federalism and comity preclude a federal district court from interfering with pending state criminal proceedings "except in very unusual situations, where

4

necessary to prevent immediate irreparable injury."  Samuels v. Mackell, 401 U.S. 66, 69 (1971); see also Younger v. Harris, 401 U.S. 37, 53-54 (1971).  In determining whether abstention is appropriate the Court must consider whether: (1) there is an ongoing state proceeding; (2) an important state interest is implicated; and (3) the plaintiff has an open avenue for review of his constitutional claims in the state courts. Diamond "D" Constr. Corp. v. McGowan, 282 F.3d 191, 198 (2d Cir. 2002).

    Here, there is clearly an ongoing state proceeding.  It is equally clear that a criminal prosecution implicates important state interests.  See Davis v. Lansing, 851 F.2d 72, 76 (2d Cir. 1988) ("There is no question that [an] ongoing prosecution implicates important state interests: *Younger* itself settled the importance of the state's interest in criminal proceedings.").  Gero has not alleged immediate irreparable injury, and the Court is not aware of any bar to Gero raising his federal constitutional claims in state court. See, e.g., State v. Pontbriand, 178 Vt. 120 (2005).  Consequently, abstention is appropriate, and Gero's motion to stay is DENIED.

    It is, therefore, hereby ORDERED that:

    1.  The plaintiff's request for leave to proceed *in forma pauperis* (Paper 1) is GRANTED.  The plaintiff may file, and

the Clerk of the Court shall accept, the complaint without prepayment of the required fees, and the plaintiff shall not be required to pay the fees for service of the complaint. Service of process shall be effected by the U.S. Marshals Service upon defendants Robert Hofmann and the Vermont Department of Corrections.  See Fed. R. Civ. P. 4(c)(2); 28 U.S.C. § 1915(d).  No other service is being ordered at this time.

    2.   The plaintiff's emergency motion for stay of his state court criminal proceeding (Paper 3) is DENIED.

    Dated at Brattleboro, in the District of Vermont, this 14th day May, 2007.

    /s/ J. Garvan Murtha
    J. Garvan Murtha
    United States District Judge