UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

Dean Michael Gero,                    :
          Plaintiff,                  :
                                      :
          v.                          :      File No. 1:07-CV-103
                                      :
Robert Hofmann, Kevin                 :
Ashburn, Katherine Hayes,             :
Vermont Department of                 :
Corrections, State of                 :
Vermont, St. Johnsbury                :
Correctional Facility,                :
Phoenix House of New                  :
England, Middle House                 :
Program, Richard F.                   :
Ammons, Jr., United States            :
Department of Education,              :
Unknown Federal or State              :
Departments, James                    :
Douglas, Vermont                      :
Department of Education,              :
          Defendants.                 :

OPINION AND ORDER
(Paper 6)

Plaintiff Dean Gero, proceeding *pro se* and *in forma pauperis*, claims that he has been denied access to various rehabilitative programs.  The Court has ordered service upon defendants Robert Hofmann and the Vermont Department of Corrections.  The docket does not reflect service on those defendants to date.

Currently pending before the Court is Gero's motion for appointment of counsel.  The Second Circuit has set forth the factors to be considered when deciding whether to appoint counsel for a party proceeding *in forma pauperis*.  See Hendricks v. Coughlin, 114 F.3d 390, 392 (2d Cir. 1997)

(citing <u>Hodge v. Police Officers</u>, 802 F.2d 58, 61- 62 (2d Cir. 1986)).  The threshold consideration is whether the party's position seems likely to be of substance.  Once satisfied of the substantive merit of the case, the Court should assess: 1) the party's ability to investigate the crucial facts; 2) whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder; 3) the party's ability to present the case; 4) the complexity of the legal issues; and 5) any other special reason in the case why appointment of counsel would be more likely to lead to a just determination.  <u>Id.</u>

     Here, Gero claims that he is fully disabled.  He also states that he has been prescribed a narcotic for pain management.  On December 11, 2006, Gero appeared before Judge Hayes of the Vermont District Court in a proceeding regarding a violation of parole.  Judge Hayes allegedly ordered Gero to participate in a substance abuse program.  Gero was subsequently informed, however, that inmates released for this program are not eligible if they are taking prescribed narcotics.

     On January 8, 2007, Gero was sentenced by Judge Hayes "to continue probation after serving the 120 days.  On the modified probation order condition #41 'You must participate in "RISE" and complete to the satisfaction of your PO.'"

(Paper 1-2 at 6).  Gero alleges that he was denied access to the RISE program, again because of his prescribed narcotics. Gero further alleges that he has been denied access to the "Middle House Program" because of his antisocial characteristics, and that the Department of Corrections will not allow him to participate in the St. Johnsbury work camp because of his total disability.

Gero's final claim is that Judge Hayes has requested documentation about the nature of his prescription medication. Judge Hayes has also requested an explanation as to why "a non-narcotic pain medication, consistent with the 'RISE' requirement cannot be prescribed based on defendants' medical needs."  Gero alleges that releasing his medical records to the state court violates his rights under the federal Health Insurance Portability and Accountability Act of 1996 ("HIPAA").  He also claims that Judge Hayes is participating "with everybody else who [is] discriminating against me based on my disability."

Because the defendants have not yet been required to respond to Gero's claims, the legal merits of those claims have not been briefed.  In Gero's *pro se* complaint, he merely states that he is "optimistic" that various federal laws have been violated.  The Court notes, however, that some of the defendants, including Judge Hayes, are most likely immune from

suit.  Consequently, the Court cannot say at this time that Gero's suit warrants the appointment of counsel.

Furthermore, Gero's motion does not specify why he is unable to pursue his case *pro se*.  Because Gero is no longer incarcerated, he may be able to assemble the necessary factual record without the assistance of counsel.  Absent a substantive response from the defendants, it is not yet clear whether there will be conflicting evidence, or whether the legal issues will present unique complexities.  Finally, there is no suggestion of any "special reason" why appointment of counsel would be more likely to lead to a just determination. The motion for appointment of counsel is, therefore, DENIED without prejudice.  If it becomes apparent at a later stage in the case (1) that Gero's claims warrant appointed counsel and (2) that Gero is in need of appointed counsel as determined by the factors set forth above, a renewed motion for appointment of counsel will be permitted.

SO ORDERED.

Dated at Brattleboro, in the District of Vermont, this 1st day of August, 2007.

/s/ J. Garvan Murtha
J. Garvan Murtha
United States District Judge