```
                    UNITED STATES DISTRICT COURT
                              FOR THE
                       DISTRICT OF VERMONT
```

Dean Michael Gero,                      :
        Plaintiff,                      :
                                        :
        v.                              :    File No. 1:07-CV-103
                                        :
Robert Hofmann, Kevin                   :
Ashburn, Katherine Hayes,               :
Vermont Department of                   :
Corrections, State of                   :
Vermont (Windham County                 :
District Attorney Office),              :
St. Johnsbury Correctional              :
Correctional Facility,                  :
Phoenix House of New                    :
England, Middle House                   :
Program, Richard F.                     :
Ammons, Jr., United States              :
Department of Education,                :
Unknown Federal or State                :
Departments, James                      :
Douglas, Vermont                        :
Department of Education,                :
        Defendants.                     :

                         OPINION AND ORDER
                   (Papers 8, 11, 13, 16 and 17)

Plaintiff Dean Gero, proceeding *pro se* and *in forma pauperis*, claims that while incarcerated and/or under the supervision of the Vermont Department of Corrections ("DOC") he was wrongfully denied access to certain rehabilitation programs. He brings his claims under the Americans with Disabilities Act ("ADA") and the Equal Protection Clause of the Fourteenth Amendment. Currently pending before the Court are Gero's motions to amend his complaint, defendants' motion to dismiss, and Gero's motion to reconsider the question of whether he should be appointed counsel.

Factual and Procedural Background

Gero has been found fully disabled by the Social Security Administration and takes prescription narcotics for pain. He alleges that he has been denied participation in rehabilitation programs because of his medications, psychological issues and physical limitations. In his initial complaint he named numerous defendants, including Governor Douglas, state court Judge Katherine Hayes, and the United State Department of Education. In granting Gero's motion to proceed *in forma pauperis*, the Court required that service only be effected upon the Vermont Department of Corrections ("DOC") and its Commissioner. The served defendants have now moved to dismiss, and Gero concedes that all defendants other than the DOC and Phoenix House of New England should be dismissed.

Gero also seeks leave to amend his complaint to add three Phoenix House officers.[1] Gero's claim against Phoenix House is that it denied him access to its rehabilitative programming because he was taking narcotics. In support of this claim, he has submitted a letter from the intake manager at the Phoenix

---

[1] In a previous motion to amend, Gero sought to add every Phoenix House program in the United States. (Paper 8). The Court presumes that the most recent motion (Paper 17) supersedes any prior motions to amend.

House RISE program in Brattleboro, Vermont, dated May 30, 2007. The letter states: "After considering [Gero's] application we denied him based on the medications he takes. We do not accept clients that are on narcotics. Mr. Gero is on several narcotics for medical health conditions." (Paper 14-3 at 1). Gero argues that this policy violates his federal rights.

Discussion

I. Gero's Motion to Remove Defendants

The Court begins with Gero's most recent motion (Paper 17), in which he seeks to dismiss all current defendants except for the DOC and Phoenix House of New England. Most of the parties originally named in this case have not yet been served. The motion to remove defendants is GRANTED, and all of the unserved parties, with the exception of Phoenix House of New England, are dismissed without prejudice pursuant to Fed. R. Civ. P. 41(a)(1).

II. Defendants' Motion to Dismiss

Defendants Hofmann and Ashburn have moved to dismiss based upon sovereign immunity and lack of personal involvement. The motion to dismiss is unopposed. Gero includes Hofmann and Ashburn in his motion to remove defendants, and these defendants' personal involvement

arguments have merit.  Accordingly, the motion to dismiss Hofmann and Ashburn is GRANTED.

The DOC has also moved to dismiss, citing Vermont's sovereign immunity.  The Supreme Court recently held in a *pro se* prisoner case that Title II of the ADA validly abrogates state sovereign immunity insofar as it creates a private cause of action for damages against the states for conduct that actually violates the Fourteenth Amendment.  United States v. Georgia, 126 S. Ct. 877, 881-82 (2006).  The DOC did not address the Georgia holding, or the issue of whether there has been a Fourteenth Amendment violation.  Therefore, the DOC will not be dismissed from the case at this time.

III.  Gero's Motion to Add Defendants

Gero's motion to remove defendants also seeks to add three new defendants, specifically the President of Phoenix House Foundation, the Chairman of Phoenix House New England, and the Director of Phoenix House of Vermont.  The Court construes the motion as one to amend the complaint pursuant to Fed. R. Civ. P. 15.

A motion to amend will not be granted where the proposed claim is futile.  Foman v. Davis, 371 U.S. 178, 182 (1962).  Here, Gero's pleadings are unclear as to what injury, if any, he has suffered as a result of the alleged violations of his civil rights.  He claims that he was denied access to

4

programs, but has not delineated how those denials caused him harm.  He asserts a claim to $350,000 in damages, but provides little factual basis for granting such an award.  Without having identified an "injury in fact," Gero has no standing to bring a claim.  Brooklyn Legal Serv. Corp. v. Legal Serv. Corp., 462 F.3d 219, 225 (2d Cir. 2006).  Consequently, the Court will not add new defendants at this time, and the motion to amend is DENIED.

IV.  Gero's Motion for Service Upon Phoenix House

In another motion entitled "motion to amend and to serve" (Paper 16) Gero asks that the Court order service upon Phoenix House of New England.  Because Phoenix House of New England is an existing defendant, Gero has specific allegations pertaining to that defendant, and Gero has affirmatively requested service, the motion is GRANTED and the U.S. Marshals Service shall effect service upon this defendant.  Cf. Nagy v. Dwyer, 2007 WL 3146327, at *2 (2d Cir. Oct. 29, 2007) (district court not required to order service by Marshals until receiving affirmative request from *in forma pauperis* plaintiff).

V.  Gero's Motion for Reconsideration

Gero also seeks reconsideration of the Court's decision to deny him appointed counsel.  Because the merits of Gero's claims are not yet apparent, the motion is GRANTED and the

Court's previous decision denying him counsel is AFFIRMED. See Hendricks v. Coughlin, 114 F.3d 390, 392 (2d Cir. 1997) (in deciding whether to appoint counsel, court should first determine whether indigent's position is likely to be of substance).

## Conclusion

For the reasons set forth above, Gero's motions to amend to add new defendants (Papers 8, 16 and 17) are DENIED. Gero's motion to remove certain defendants (Paper 17) is GRANTED.  The motion to dismiss filed by defendants Hofmann, Ashburn and the DOC (Paper 13) is GRANTED with respect to Hofmann and Ashburn and DENIED with respect to the DOC.  As a result of these rulings, all claims against defendants Robert Hofmann, Kevin Ashburn, Katherine Hayes, Windham County District Attorney's Office, St. Johnsbury Correctional Facility, Middle House Program, Richard F. Ammons, Jr., United States Department of Education, Unknown Federal or State Departments, James Douglas, and Vermont Department of Education are DISMISSED.

Gero's request to have Phoenix House of New England served (Paper 16) is GRANTED.  Finally, Gero's motion to reconsider (Paper 11) is GRANTED and the Court's prior decision denying him court-appointed counsel is AFFIRMED.

SO ORDERED.

Dated at Brattleboro, in the District of Vermont, this 18th day of December, 2007.

/s/ J. Garvan Murtha
J. Garvan Murtha
United States District Judge