```
                    UNITED STATES DISTRICT COURT
                             FOR THE
                       DISTRICT OF VERMONT

Dean Michael Gero,                :
      Plaintiff,                  :
                                  :
      v.                          :     File No. 1:07-CV-103
                                  :
Vermont Department of             :
Corrections, Phoenix House        :
of New England,                   :
      Defendants.                 :
```

OPINION AND ORDER
(Papers 24 and 26)

Plaintiff Dean Gero, proceeding *pro se* and *in forma pauperis*, claims that he was wrongfully denied access to certain rehabilitation programs while in the custody of the Vermont Department of Corrections ("DOC"). He brings his claims under the Americans with Disabilities Act ("ADA") and the Equal Protection Clause of the Fourteenth Amendment.

Currently pending before the Court is a motion to dismiss filed by Phoenix House of New England. Also pending is Gero's second motion for appointment of counsel. For the reasons set forth below, the motion to dismiss is GRANTED, and Gero's claims against Phoenix House will be DISMISSED unless he submits a properly-amended complaint within 30 days. Gero's motion for appointment of counsel is DENIED.

Background

For purposes of the pending motion to dismiss, the factual allegations in the complaint will be accepted as true. Gero has been found fully disabled by the Social Security

Administration and takes prescription narcotics for pain. The nature of his disability is not clear from the text of the complaint.

Gero's primary claim is that, while in the custody of the Vermont Department of Corrections, he was denied participation in rehabilitation programs because of his disability. With respect to Phoenix House, a drug rehabilitation facility, Gero alleges that he was denied access to its programming because he was taking narcotics for pain. In support of this claim, he has submitted a letter from the intake manager at the Phoenix House RISE program in Brattleboro, Vermont, dated May 30, 2007. The letter states: "After considering [Gero's] application we denied him based on the medications he takes. We do not accept clients that are on narcotics. Mr. Gero is on several narcotics for medical health conditions." (Paper 14-3 at 1). Gero argues that this policy violates his federal rights.

Phoenix House now moves to dismiss, arguing that the complaint fails to allege a disability. Phoenix House also contends that Gero has not stated an injury resulting from his inability to access its programming. Gero's response to the motion does not address the disability question. As to his injury, Gero speculates that without Phoenix House as an option, in his "opinion [the sentencing judge had] no choice

but to give me more [prison] time than necessary." (Paper 25 at 1).

## Discussion

### I. Motion to Dismiss Standard

On a motion to dismiss, the Court must accept as true the factual allegations in the complaint, and must draw all inferences in the plaintiff's favor. See Allaire Corp. v. Okumus, 433 F.3d 248, 249-50 (2d Cir. 2006). To survive dismissal, a complaint must plead enough facts to be plausible on its face. Ruotolo v. City of New York, 514 F.3d 184, 188 (2d Cir. 2008) (citing Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1974 (2007)). *Pro se* filings should be read more liberally than those filed by attorneys. Haines v. Kerner, 404 U.S. 519, 520 (1972).

### II. Gero's Claims Against Phoenix House

The allegations in the complaint involving Phoenix House are sparse, stating only that Gero was denied access to certain programming because of his prescribed narcotics. In response to the motion to dismiss, Gero argues that barring inmates based upon their medications constitutes unlawful segregation and violates the ADA. In support of dismissal, Phoenix House argues that these allegations are legally insufficient.

Phoenix House first contends that Gero "alleges no connection between his alleged disability (whatever it may be) and Defendant's decision to exclude him from its program." (Paper 24 at 2) (parenthetical in original).  It is plain from the complaint that Gero was barred from the rehabilitation program because of his narcotics prescription.  What is not clear, however, is whether Gero was a disabled person entitled to protection under the ADA.

In order to show an ADA violation, Gero must demonstrate that he has a disability, and that he was discriminated against based upon that disability.  See, e.g., Hargrave v. Vermont, 340 F.3d 27, 34-35 (2d Cir. 2003); K.M. v. Hyde Park Cent. Sch. Dist., 381 F. Supp. 2d 343, 357-58 (S.D.N.Y. 2005).[1]  A disability under the ADA is defined as "(A) a physical or mental impairment that substantially limits one or more of the major life activities of such individual; (B) a record of such an impairment; or (C) being regarded as having such impairment." 42 U.S.C. § 12102(2) (quoted in Bragdon v. Abbott, 524 U.S. 624, 630 (1998)).

---

[1]  Phoenix House cites case law applying Title II of the ADA.  The Court invites further briefing on the question of whether Title II applies to an entity such as Phoenix House. If Title III applies, Gero must still show that he has been "discriminated against on the basis of a disability."  42 U.S.C. § 12182(a).

The complaint states that Gero takes hydrocodone for pain management.  The cause of the pain is not clear.  The extent of the pain and its effects on Gero's life activities are also unclear.  Furthermore, there is no allegation that Phoenix House personnel regarded him as being disabled.  Consequently, the Court cannot discern from the text of the complaint whether Gero is disabled for ADA purposes, and whether he can set forth a plausible claim of discrimination.  Gero's complaint may therefore be dismissed for failure to state a valid federal claim.  See, e.g., Kelly v. Rice, 375 F. Supp. 2d 203, 207-08 (S.D.N.Y. 2005) (complaint dismissed where plaintiff failed to show she was "substantially limited").

Phoenix House also argues that Gero has failed to allege an injury.  The complaint contends that Gero was sentenced to 120 days in prison due to the "no narcotics" policy and "because of" a "dirty" urinalysis.  (Paper 5 at 6).  Since it was not clear whether the 120-day sentence was a direct result of Gero's rejection from the Phoenix House program, the Court noted previously that Gero needs to clearly set forth an "'injury in fact.'" (Paper 19 at 5) (citation omitted).

In response to the motion to dismiss, Gero contends that, in his opinion, the "no narcotics" policy resulted in "more [prison] time than necessary."  (Paper 25 at 1).  Gero appears to be claiming that, without Phoenix House as an option, the

sentencing court felt that it was necessary to incarcerate him for a longer period of time.  Given that Gero raises this claim as a matter of a opinion, the Court can only conclude that his statement of injury is based upon speculation.

The Supreme Court has held that a complaint must show a right to relief that rises above speculation.  <u>Twombly</u>, 127 S. Ct. at 1964-65.  Furthermore, courts have held that a plaintiff cannot "defeat a motion to dismiss with conclusory allegations, unwarranted speculation, unsupported deductions, or legal arguments cast as factual pleadings."  <u>Aiken v. Nixon</u>, 236 F. Supp. 2d 211, 221 (N.D.N.Y. 2002) (citing <u>Hirsch v. Arthur Andersen & Co.</u>, 72 F.3d 1085, 1088 (2d Cir. 1995)).  Allowing Gero the benefit of the doubt, his "opinion" may not be unwarranted, as he may have some basis for believing that the judge required extra prison time.  <u>See</u> <u>Pabon v. Wright</u>, 459 F.3d 241, 248 (2d Cir. 2006) (courts should construe *pro se* submissions as raising "the strongest arguments they suggest").  Based upon his present allegations, however, it is difficult to determine whether his claim of injury is anything more than purely speculative.

Phoenix House has moved for dismissal with prejudice, arguing that the complaint fails to allege a disability and an injury.  The general rule in this Circuit is that, prior to dismissing a *pro se* complaint, a court should allow the

plaintiff at least one opportunity to amend unless such amendment would be futile.  See Cuoco v. Moritsugu, 222 F.3d 99, 112 (2d Cir. 2000).   Because the allegations in the complaint may simply be incomplete, they may be cured through more thorough drafting in the form of an amended pleading. Id.  The Court will, therefore, GRANT the motion to dismiss, but allow Gero 30 days in which to file an amended complaint. Failure to file an amended complaint within that time period will result in the dismissal of all claims.

V.   Gero's Motion for Appointment of Counsel

Gero has moved the Court to appoint him counsel.  The Court denied his first such motion, and affirmed its decision when Gero requested reconsideration.  Because Gero's current complaint is insufficient, appointment of counsel remains unwarranted.  See Hendricks v. Coughlin, 114 F.3d 390, 392 (2d Cir. 1997) (in deciding whether to appoint counsel, court should first determine whether indigent's position is likely to be of substance).  The motion for appointment of counsel is, therefore, DENIED.

## Conclusion

For the reasons set forth above, Phoenix House's motion to dismiss (Paper 24) is GRANTED, and Gero's claims against it will be DISMISSED unless he submits a properly-amended

complaint <u>on or before August 22, 2008</u>.  Gero's motion for appointment of counsel (Paper 26) is DENIED.

SO ORDERED.

Dated at Brattleboro, in the District of Vermont, this 23rd day of July, 2008.

<pre>
                         /s/ J. Garvan Murtha
                         J. Garvan Murtha
                         United States District Judge
</pre>