UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

Dean Michael Gero,          :
    Plaintiff,          :
                        :
    v.                  :     File No. 1:07-CV-103
                        :
Vermont Department of       :
Corrections, Phoenix House  :
of New England,             :
    Defendants.         :

ORDER
(Paper 29)

Plaintiff Dean Gero, proceeding *pro se* and *in forma pauperis*, claims that while incarcerated and/or under the supervision of the Vermont Department of Corrections ("DOC") he was wrongfully denied access to certain rehabilitation programs. He brings his claims under the Americans with Disabilities Act ("ADA") and the Equal Protection Clause of the Fourteenth Amendment. Currently pending before the Court is a motion for appointment of counsel and motion for a court investigation (Paper 29).

I. Appointment of Counsel

In a recent ruling on defendant Phoenix House's motion to dismiss, the Court found that it "cannot discern from the text of the complaint whether Gero is disabled for ADA purposes, and whether he can set forth a plausible claim of discrimination." (Paper 28 at 5). The Court also found that Gero's claim of injury was speculative. Accordingly, the

Court granted the motion to dismiss, but allowed Gero time to file a properly-amended complaint.

Shortly after the Court issued its ruling, Gero filed a motion for appointment of counsel. This is his third such motion. The motion claims that Gero is now assigned to a work camp and is being denied pain medication by the Vermont Department of Corrections. He has reportedly asked the Prisoner's Rights Office to investigate on his behalf, but has not yet heard back. The motion does not provide any additional facts with respect the extent of, or injuries arising out of, Gero's alleged disability.

When moving for appointment of counsel, a plaintiff's first task is to show that the claims in his complaint are likely to have some merit. See Hendricks v. Coughlin, 114 F.3d 390, 392 (2d Cir. 1997). The Court will then consider whether the plaintiff is able to investigate the crucial facts concerning his claim; whether the major proof will come in the form of conflicting evidence that requires cross-examination; whether the legal issues involved are complex; and whether there are special reasons why appointment of counsel would be more likely to lead to a just determination. Id.

The focus of the complaint in this case is discrimination based upon a disability. Until the complaint alleges facts sufficient to sustain such a claim, the Court will be unable

to determine whether the claim is likely to be of substance. Because the motion for appointment of counsel does not elaborate on Gero's precise disability, the limitations that result from that disability, or the injuries he claims to have suffered, the viability of his claim remains uncertain. Appointment of counsel is, therefore, not warranted at this time, and Gero's motion (Paper 29) is DENIED.

II. Court Investigation

As alternative relief, Gero asks the Court to conduct an investigation into the DOC's denial of his pain medication. This Court does not have either the means or the authority to conduct such an investigation. The motion (Paper 29) is DENIED.

III. Deadline for Filing Amended Complaint

As noted above, the Court previously granted Gero leave to file a properly-amended complaint. Gero subsequently asked for additional time to file the amended complaint, and the Court allowed him until September 30, 2008. That deadline has now passed, and the Court has not received an amended pleading.

Because a motion for appointment of counsel was outstanding, the Court will allow Gero additional time to submit his amended complaint *pro se*. The amended complaint must be submitted on or before November 7, 2008. Failure to

comply with that deadline may result in the dismissal of the case with prejudice.

SO ORDERED.

Dated at Brattleboro, in the District of Vermont, this 15th day of October, 2008.

/s/ J. Garvan Murtha
J. Garvan Murtha
United States District Judge