```
                    UNITED STATES DISTRICT COURT
                              FOR THE
                        DISTRICT OF VERMONT
```

Dean Michael Gero,              :
        Plaintiff,              :
                                :
        v.                      :       File No. 1:07-CV-103
                                :
Vermont Department of           :
Corrections, Phoenix House      :
of New England,                 :
        Defendants.             :

## ORDER

Plaintiff Dean Gero, proceeding *pro se*, brings this action claiming that while incarcerated and/or under the supervision of the Vermont Department of Corrections ("DOC"), he was wrongfully denied access to certain rehabilitation programs. On July 23, 2008, the Court granted defendant Phoenix House of New England's motion to dismiss, but allowed Gero the opportunity to file an amended complaint. The amended complaint was initially due on August 22, 2008. After Gero moved for an enlargement of time, the Court moved the deadline to September 30, 2008. When the Court denied his motion for appointment of counsel, it extended the deadline to November 7, 2008. Although the Court warned Gero that a failure to comply with the final deadline might result in the dismissal of all claims against Phoenix House, no amended complaint has been filed.

The Clerk's Office sent the Court's most recent order to Gero on three separate occasions. The first two attempts, sent to Department of Corrections facilities, were returned as

undeliverable.  The third mailing, sent over two months ago to an address Gero reportedly provided to the Department of Corrections after he was released from state custody, has not been returned. Gero's last filing in this case was over six months ago.

Under Fed. R. Civ. P. 41(b), a court may dismiss an action based upon the failure of a plaintiff to prosecute.  See Link v. Wabash R.R. Co., 370 U.S. 626, 629 (1962); MTV Networks v. Lane, 998 F. Supp. 390, 393 (S.D.N.Y. 1998).  To determine whether dismissal for failure to prosecute is appropriate, courts should consider:

> 1) the duration of plaintiff's failures; 2) whether plaintiff had received notice that further delays would result in dismissal; 3) whether the defendant is likely to be prejudiced by further delay; 4) a balancing of the need to alleviate court calendar congestion with a party's right to due process; and 5) the efficacy of lesser sanctions.

See Patterson v. Newspaper & Mail Deliverers' Union of N.Y. & Vicinity, 884 F. Supp. 869, 872 (S.D.N.Y. 1995); Stoenescu v. Jablonski, 162 F.R.D. 268, 270 (S.D.N.Y. 1995).

In this case, Phoenix House has been awaiting dismissal since the Court initially granted its motion to dismiss in July 2008.  While the Court has been allowing Gero extensions of time since then, Gero himself has not been actively engaged in this litigation.  He was clearly warned that the failure to file an amended complaint would result in dismissal, but has declined to take appropriate action.

Phoenix House has been a litigant in this case for nearly two years, and given Gero's failure to amend, should no longer be prejudiced by the burden of litigation.  The Court has afforded Gero ample opportunity revive his claims, and now must consider the matter of its calendar.  Finally, in light of the fact that the Court granted Phoenix House's motion to dismiss, a lesser sanction would be inappropriate.  Accordingly, all claims against defendant Phoenix House of New England are DISMISSED.

SO ORDERED.

Dated at Brattleboro, in the District of Vermont, this 26th day of January, 2009.

/s/ J. Garvan Murtha
J. Garvan Murtha
United States District Judge