UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

Dean Michael Gero,               :
        Plaintiff,                :
                                  :
        v.                        :    File No. 1:07-CV-103
                                  :
Vermont Department of             :
Corrections,                      :
        Defendant.                :

OPINION AND ORDER
(Doc. 44)

Plaintiff Dean Gero, proceeding *pro se*, brings this action claiming that he was wrongfully denied access to certain rehabilitation programs while under the supervision of the Vermont Department of Corrections ("DOC"). Pending before the Court is the DOC's motion to dismiss, in which it claims that Gero has not responded to its efforts to establish a discovery schedule. As an alternative to dismissal, the DOC asks the Court to adopt its proposed discovery schedule.

The DOC submits that it has made several efforts to engage Gero in developing a scheduling order. These efforts began in January 2009, when counsel sent Gero a proposed order. In February 2009, counsel contacted Gero again and asked him to either file the proposed order or suggest changes. According to counsel's affidavit, Gero did not pursue either option. (Doc. 44-2 at 1-2). However, later that month Gero did advise counsel that he had a new mailing address. Id. at 2.

In July 2009, counsel sent Gero a revised discovery schedule. Gero responded shortly thereafter and agreed to file the proposed schedule without amendment. However, the proposed discovery schedule was never filed. (Doc. 44-1 at 1).

In October 2009, the Court's ENE Administrator contacted the parties and instructed them to file an ENE date by November 12, 2009, along with a proposed Stipulated Discovery Schedule as soon as possible. Upon receiving the Court's letter, counsel for the DOC tried to contact Gero by phone, but was unable to access a valid telephone number. Counsel states that Gero has failed to contact him with regard to the Court's October 2009 letter. (Doc. 44-1 at 1-2). The DOC subsequently filed the instant motion, asking for either dismissal of the case or the imposition of a discovery schedule.

The DOC argues for dismissal under Fed. R. Civ. P. 37. Rule 37(b)(2)(A) provides that if a party fails to obey an order to provide or permit discovery, the Court may issue further orders, including the rendering of a default judgment against the disobedient party. Fed. R. Civ. P. 37(b)(2)(A)(vi). District courts have wide discretion in imposing Rule 37 sanctions. See Ocello v. City of New York, 2008 WL 789857, at *5 (E.D.N.Y. Mar. 21, 2008) (citing Daval Steel Prods. v. M/V Fakredine, 951 F.2d 1357, 1365-66 (2d Cir. 1991) (internal citations omitted)). The most severe sanctions, such as dismissal, should not be imposed

2

unless the failure to comply with a discovery order is due to willfulness, bad faith, fault or gross negligence, rather than inability to comply or mere oversight.  See Agiwal v. Mid Island Mortgage Corp., 555 F.3d 298, 302 (2d Cir. 2009).

When considering the appropriate sanction under Rule 37, courts must look to factors that include: "(1) the willfulness of the non-compliant party or the reason for the noncompliance; (2) the efficacy of lesser sanctions; (3) the duration of the period of noncompliance; and (4) whether the non-compliant party had been warned of the consequences of . . . non-compliance." Nieves v. City of New York, 208 F.R.D. 531, 535 (S.D.N.Y. 2002) (citing Bambu Sales, Inc. v. Ozak Trading Inc., 58 F.3d 849, 852-54 (2d Cir. 1995)).  No one factor is dispositive, and "'sanctions must be weighed in light of the full record of the case.'"  Ocello, 2008 WL 789857, at *5 (quoting Cine Forty-Second St. Theatre Corp. v. Allied Artists Pictures Corp., 602 F.2d 1062, 1068 (2d Cir. 1979)).

Here, there is no indication of willfulness, bad faith or gross negligence on the part of the Plaintiff.  Nor has the DOC argued that it will prejudiced by a delay in discovery.  Furthermore, Gero has not been warned that a failure to confer with the DOC's counsel and establish a stipulated discovery schedule might result in the dismissal of his claims. Consequently, the Court finds that dismissal in this case would

not be appropriate at this time, and the DOC's motion to dismiss (Doc. 44) is DENIED.

As alternative relief, the DOC asks the Court to adopt its proposed discovery schedule. While the Court has no objection to the proposed schedule in principle, the schedule filed with the Court is no longer useful given that many of its proposed deadlines have already passed. Accordingly, the motion to adopt the DOC's proposed discovery schedule (Doc. 44) is DENIED, and the Court orders as follows:

1. Pursuant to Fed. R. Civ. P. 26(a)(1)(B)(iv), this proceeding is exempt from initial disclosures.
2. The parties shall serve all interrogatories and requests for production on or before April 23, 2010. If requested, electronically stored information shall be produced in printed form within 60 days of service of the request.
3. Depositions of all non-expert witnesses shall be completed by June 1, 2010.
4. Plaintiff shall submit expert reports on or before April 23, 2010. Depositions of Plaintiff's expert witnesses shall be completed by June 1, 2010.
5. Defendant shall submit expert witness reports on or before June 15, 2010. Depositions of Defendant's expert witnesses shall be completed by July 15, 2010.

6. The Early Neutral Evaluation session shall be conducted on or before June 1, 2010. The parties have agreed that Potter Stewart, Jr. will serve as the early neutral evaluator, and shall notify the ENE administrator by April 23, 2010 of the date of the ENE session.

7. The parties shall serve all requests for admission on or before June 15, 2010.

8. All discovery shall be completed by July 15, 2010.

9. Motions for joinder of parties and amendments to the pleadings shall be filed on or before April 23, 2010.

10. Motions, including summary judgment motions but excluding motions relating to the conduct of the trial, shall be filed on or before September 1, 2010.

11. The case shall be ready for trial by November 1, 2010.

SO ORDERED.

Dated at Brattleboro, in the District of Vermont, this 26th day of March, 2010.

/s/ J. Garvan Murtha
Honorable J. Garvan Murtha
Senior United States District Judge